

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **MICHAEL E. WRIGHT,** <br> Plaintiff, | ) Civil Action No. 1:01cv00040 <br> ) <br> ) **MEMORANDUM OPINION** |
| v. | ) <br> ) |
| **MICHAEL J. ASTRUE,** <br> **Commissioner of Social Security,**[1] <br> Defendant. | ) By: GLEN M. WILLIAMS <br> ) SENIOR UNITED STATES DISTRICT JUDGE <br> ) |

In this Social Security action, the court is asked to rule on a motion for an attorney's fee, (Docket Item No. 14), ("Motion"). Based on the reasoning set out below, the Motion will be granted.

Michael E. Wright filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2003 & Supp. 2006). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered September 13, 2001, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner. (Docket Item No. 8.) Wright's attorney, J. D. Morefield, Esquire, now has filed a petition seeking approval of a fee of $4,635.38 for representing Wright in this court. The Commissioner has responded that he does

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007, and is, therefore, substituted for Jo Anne B. Barnhart as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d)(1).

not object to the fee request. (Docket Item No. 16.)

In proceedings under Title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2006). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.*, 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In this case, Wright's counsel has not provided the court with a fee agreement. Wright's counsel has provided the court with a copy of the Social Security Administration's, ("SSA"), April 5, 2006, Notice Of Award Letter, which recites that it has awarded benefits to Wright. Wright's counsel has also provided a letter from the SSA informing counsel that it has awarded Wright past due benefits in the amount of $58,541.52, and that it withheld $14,635.38, or 25 percent, of the past due benefits to pay any claimed attorney's fee. Finally, Wright's counsel also submitted an Authorization To Charge And Collect A Fee Letter, which indicates that counsel has been authorized to charge and collect a fee of $10,000.00 for services performed before the SSA.

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

In the present case, Wright's counsel has supplied a sworn itemization of the time expended in representing Wright before this court. This itemization indicates that counsel spent a total of nine hours representing Wright before this court, and this amount of time appears reasonable. Additionally, the Motion requests a total fee of $4,635.38, which, if combined with the $10,000.00 already authorized to be collected by Wright's counsel for representation before the SSA, would result in payment of attorney's fees equal to the statutory maximum of 25 percent of the benefits awarded to Wright or $14,635.38. If paid for nine hours of work, the $4,635.38 now requested would result in a payment of $515.04 per hour for representation before this court.

I find that the benefits awarded in this case are great in comparison to the hours

expended by counsel before this court. As a result, the $4,635.38 fee is not reasonable and a downward adjustment is in order. *See Gisbrecht*, 535 U.S. at 808. The Fourth Circuit has held that, in reviewing attorney's fees under the Act, judges must keep in mind that the benefits provided to the claimant are for the claimant's benefit, "not for the enrichment of members of the bar." *Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir. 1966) (en banc). In *Redden*, the Fourth Circuit also stated that "[r]outine approval of the statutory maximum allowable fee should be avoided in all cases," instead a reasonable fee may be considerably less than the statutory maximum. 370 F.2d at 376.

In this case, Wright's counsel was operating on a contingency fee basis, and Wright's counsel is an accomplished attorney well known to this court. As a result, after taking into account all of the relevant factors, I find that a fee of $2,700.00 or $300.00 per hour is reasonable in this situation.

For the foregoing reasons, the Motion will be granted and a judgment will be entered awarding the plaintiff's attorney a fee of $2,700.00.

**DATED:** This 27 day of April, 2007.

/s/ Glen M. Williams
**THE HONORABLE GLEN M. WILLIAMS**
**SENIOR UNITED STATES DISTRICT JUDGE**